IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD SUMMERSILL. § § Plaintiff, § § v. § VIKING ENTERPRISES, INC. d/b/a § CITY AMBULANCE SERVICES, and § MOHAMAD MASSOUD, § § Defendants. § | Civil Action No. 19-934 |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services, and Defendant Mohamad Massoud, Plaintiff Richard Summersill shows the following:

### Introduction

1. Plaintiff brings this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiff is employed by Defendants as a Paramedic, and throughout his employment, has regularly worked extensive amounts of overtime (*i.e.*, hours over forty each week). Defendants violated the overtime provisions of the Fair Labor Standards Act by not paying Plaintiff an overtime premium for hours worked over forty each week. Defendants also misclassified Plaintiff as an "independent contractors" when he was in fact an employee. Plaintiff now sues for unpaid wages, liquidated damages, and all other relief to which he is entitled.

### Parties

2. Plaintiff Richard Summersill is an individual residing in Leander, Texas, and may be served with papers through the undersigned counsel.

3. Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Mohamad Massoud, at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

4. Defendant Mohamad Massoud is an individual residing in Houston, Harris County, Texas. He may be served with Process at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

### Jurisdiction and Venue

5. The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, Austin Division, because Plaintiff worked for Defendants within the geographic confines of the Austin Division and because Defendants maintains operations within the Western District of Texas and the Austin Division.

### Statement of Facts

6. Defendant Viking Enterprises operates an ambulance service in San Antonio, Houston, and Dallas, Texas. At all times relevant to this lawsuit, Viking has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00. Viking is owned, operated, and managed by Defendant Mohamad Massoud, who was directly responsible for the illegal pay practices complained of in this lawsuit. As such Defendant Massoud is likewise an employer within the meaning of the FLSA.

7. Defendants hire and employ EMTs (emergency medical technicians) and paramedics to make ambulance calls, and transport and treat patients. Plaintiff Richard Summersill started working for Defendants in August 2018. Plaintiff continues to work there today.

8. Although Defendants at times classified some of the EMTs (EMT Basics, EMT Intermediates, and EMT Paramedics) as contractors, the truth is that all of these individuals were really employees. Defendants initially, albeit briefly classified Plaintiff as an employee (when he was paid on an hourly basis and was paid the overtime premium). From August 2018 to approximately mid-October 2018, Plaintiff was paid hourly at $18 per hour and was paid the overtime premium. However, in October 2018, he was improperly classified as a "contractor" and was subsequently paid a day rate. From mid-October 2018 to approximately March 2019, Plaintiff was paid $450 per day. Then, from approximately March 2019 to the present, he was paid a day rate of $500.

9. Regardless of the classification given to the EMTs/Paramedics by Defendants, the evidence will establish that Defendants controlled the details of the work, provided all facilities, supplies and equipment, and the services provided by Plaintiff were integral to Defendants' business. Moreover, Plaintiff had no opportunity for profit and loss.

10. Plaintiff and all other EMTs are non-exempt from the minimum wage and overtime provisions of the FLSA, as no recognized exemption covers them.

11. Plaintiff and most, if not all, other EMTs worked extensive amounts of overtime each week. Despite this fact, Defendants refused to pay Plaintiff the required overtime premium in violation of the FLSA.

12. At all times relevant to this lawsuit, Defendants have known that they were required to classify their EMTs as employees and pay an overtime premium for hours worked over forty each week, but Defendants willfully refused to do so.

### Causes of Action:  Violations of FLSA—
### Failure to Pay Plaintiff the Overtime Premium

13. Plaintiff re-alleges and reincorporate paragraphs 1 through 12 supra.

14. Plaintiff was an employee, not an independent contractor, and was non-exempt from the overtime provisions of the FLSA.

15. The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek.  Plaintiff further pleads that, at all times relevant hereto, Defendants were well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiff in compliance with the law.  Nevertheless, Defendants failed to pay Plaintiff the required overtime premium.

16. Accordingly, Plaintiff is entitled to recover his overtime premium and an equal amount in liquidated damages.  Additionally, because Plaintiff has been compelled to retain legal counsel to bring this action to recover monies due him, Plaintiff is entitled to an award of attorney fees.

### Jury Trial

17. Plaintiff demands a trial by jury.

### Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a. All unpaid wages, including unpaid overtime;

b. An equal amount in liquidated damages;

c. Attorney fees and costs;

d. Pre- and post-judgment interest;

e. All other relief to which Plaintiff is entitled.

                         Respectfully submitted,

                         /S/ MICHAEL V. GALO, JR.
                         Michael V. Galo, Jr.
                         State Bar No. 00790734
                         GALO LAW FIRM, P.C.
                         4230 Gardendale, Bldg. 401
                         San Antonio, Texas 78229
                         Telephone: 210.616.9800
                         Facsimile: 210.616.9898
                         mgalo@galolaw.com
                         ATTORNEY FOR PLAINTIFF
                         RICHARD SUMMERSILL